UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>CITIGROUP GLOBAL MARKETS INC.,<br><br>        Defendant. | 11 Civ. 7387 (JSR)<br>ECF Case |

**CITIGROUP GLOBAL MARKETS INC.'S MEMORANDUM
IN SUPPORT OF THE SECURITIES AND EXCHANGE
COMMISSION'S MOTION FOR A STAY PENDING APPEAL**

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
Brad S. Karp
Theodore V. Wells, Jr.
Mark F. Pomerantz
Susanna M. Buergel
1285 Avenue of the Americas
New York, New York 10019-6064
Tel.  (212) 373-3000
Fax  (212) 757-3990

*Attorneys for Citigroup Global Markets Inc.*

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Brenntag Int'l Chems., Inc.* v. *Bank of India*,
   175 F.3d 245, 249–50 (2d Cir. 1999) .................................................................................. 4

*Jock* v. *Sterling Jewelers, Inc.*,
   738 F. Supp. 2d 445, 447–48 (S.D.N.Y. 2010) ............................................................... 3, 4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(a)(1) ................................................................................................................. 3

i

Defendant Citigroup Global Markets Inc. ("CGMI" or the "Company") submits this memorandum in support of the December 16, 2011 Motion for a Stay Pending Appeal of this Court's November 28, 2011 Order ("Motion for a Stay") filed by plaintiff Securities and Exchange Commission ("SEC").

## PRELIMINARY STATEMENT

CGMI supports the SEC's Motion for a Stay.  For the reasons set forth in CGMI's Memorandum in Support of the Proposed Final Judgment and Consent, dated November 7, 2011 ("CGMI's November 7 Memorandum"), CGMI respectfully submits that, consistent with settled precedent, this Court should have approved the parties' proposed consent judgment, submitted to this Court for approval on October 25, 2011.

This Court's November 28, 2011 Order ("Order") rejecting the parties' proposed consent judgment raises several legal and policy issues of fundamental importance, including, among others, whether litigants should be permitted to resolve disputes with federal agencies consensually without requiring the parties to adjudicate facts or the settling defendant to admit them.  Because of the profound and far-reaching importance of this issue and the other substantial issues implicated by this Court's Order, and the significant consequences to the Company and to shareholders of Citigroup Inc. ("Citigroup") of being required to litigate this matter while the Second Circuit considers the parties' appeals, CGMI respectfully submits that a stay pending appeal is appropriate here.

Absent a stay, the parties will be required to litigate a matter that both sides believe should be settled and that neither wishes to pursue.  Proceeding with this litigation would expose CGMI and Citigroup's shareholders to the very litigation risks and potential collateral consequences that Citigroup's Board of Directors and senior management sought to avoid by agreeing to a negotiated resolution of this matter with the SEC.  As set forth in CGMI's

November 7 Memorandum, Citigroup and CGMI are defending numerous litigations in which plaintiffs assert allegations similar to those asserted by the SEC here.  While CGMI believes that it ultimately would prevail on the merits should this matter be adjudicated, further proceedings before this Court—including motion practice and, if necessary, discovery and a trial—pose the risk of significant adverse consequences in those parallel proceedings, risks that the Company determined to avoid by exercising its business judgment and entering into the settlement presented to this Court for approval.

For these reasons, and those set forth in the SEC's Memorandum in support of its Motion for a Stay, CGMI respectfully requests that this Court grant a stay pending resolution of the parties' appeals.

**ARGUMENT**

**I.    THE COURT SHOULD GRANT THE SEC'S
       MOTION FOR A STAY PENDING APPEAL**

On December 15, 2011, the SEC filed a Notice of Appeal from this Court's Order; on December 19, 2011, CGMI filed a Notice of Appeal from the Order.  The SEC has indicated that it intends to seek expedited review of its appeal; CGMI will join the SEC's request to seek an expedited review.

The proposed consent judgment, which this Court refused to approve, would resolve all claims asserted by the SEC against CGMI in the SEC's October 19, 2011 Complaint concerning the Class V collateralized debt obligation transaction structured by CGMI.  The proposed consent judgment requires that CGMI pay $285 million into a Fair Fund to be distributed to the handful of ultra-sophisticated Class V investors, provides for injunctive relief and requires that CGMI implement and maintain certain business enhancements related to mortgage-related securities offerings.

On December 16, 2011, the SEC filed the Motion for a Stay. In support of its motion, the SEC argued that each factor considered by district courts in deciding whether to grant a stay of further proceedings, pending an interlocutory appeal, is satisfied here. *See Jock* v. *Sterling Jewelers, Inc.*, 738 F. Supp. 2d 445, 447 (S.D.N.Y. 2010) (Rakoff, J.) (setting forth factors). In particular, the SEC demonstrated that: (1) its appeal has a sufficient possibility of success; (2) both the SEC and the investing public will suffer irreparable harm absent a stay; (3) the balance of equities favors a stay; and (4) CGMI would not be prejudiced by a stay.

CGMI adopts the SEC's arguments supporting a stay. As set forth in CGMI's November 7 Memorandum, the proposed consent judgment represents a fair, reasonable and adequate resolution of this matter. Moreover, the proposed consent judgment serves the public interest, which is satisfied when sophisticated litigants resolve complicated matters with government agencies on fair and reasonable terms and in a manner that avoids wasteful litigation that exposes both parties to extreme results. We respectfully submit that the Second Circuit should be provided the opportunity to consider the appropriateness of this Court's Order—which, we submit, represents a departure from settled precedent, accepted practice and sound policy—*before* the parties are required to proceed with the very litigation that they elected to avoid by agreeing to the terms of the proposed consent judgment.

Moreover, CGMI faces irreparable harm in the absence of a stay. In the event this Court were to require the parties to proceed with this litigation (a trial is scheduled for July 16, 2012, and the SEC has identified 81 potential witnesses in its Federal Rule of Civil Procedure 26(a)(1) disclosures), CGMI and Citigroup's shareholders will face the very risks that Citigroup's Board and senior management determined to avoid by agreeing to settle this matter with the SEC on the terms reflected by the proposed consent judgment. Absent a stay, CGMI

3

will face the risk of adverse findings *before* the Second Circuit has an opportunity to decide the parties' appeals. Any adverse findings in this litigation would pose potentially significant adverse consequences in the numerous other related litigations CGMI and Citigroup are defending. Absent a stay, and depending on the outcome of the district court proceedings, it will be impossible to return CGMI and Citigroup's shareholders to the position they were in when CGMI and the SEC agreed to settle this case, even if the Second Circuit were to overturn this Court's Order. *See Brenntag Int'l Chems., Inc.* v. *Bank of India*, 175 F.3d 245, 249–50 (2d Cir. 1999) (irreparable harm exists when "there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied"); *Jock*, 738 F. Supp. 2d at 448 (same).

Given the risks of irreparable harm to CGMI and Citigroup's shareholders absent a stay, given the substantial legal and policy issues implicated by this Court's Order and the significant possibility of a Second Circuit reversal, and given the lack of prejudice associated with granting a stay, CGMI respectfully requests that this Court stay these proceedings pending resolution of the parties' appeals by the Second Circuit.

**CONCLUSION**

For these reasons, and those set forth in the SEC's Motion for a Stay, CGMI respectfully submits that this matter should be stayed pending resolution of the parties' appeals.

Respectfully submitted,

Dated: New York, New York
December 20, 2011

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

/s/ Brad S. Karp

Brad S. Karp
Theodore V. Wells, Jr.
Mark F. Pomerantz
Susanna M. Buergel
1285 Avenue of the Americas
New York, New York 10019-6064
Tel. (212) 373-3000
Fax (212) 757-3990
bkarp@paulweiss.com
twells@paulweiss.com
mpomerantz@paulweiss.com
sbuergel@paulweiss.com

*Attorneys for Citigroup Global Markets Inc.*