```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
U.S. SECURITIES AND EXCHANGE         :
COMMISSION,                          :    11 Civ. 7387 (JSR)
                                     :
            Plaintiff,               :    SUPPLEMENTAL ORDER
                                     :
       -v-                           :
                                     :
CITIGROUP GLOBAL MARKETS INC.,       :
                                     :
            Defendant.               :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 12.29.2011

This order supplements the Memorandum Order issued by this Court on December 27, 2011 (document # 46 on the docket of this case), which denied the parties' request for a stay of these proceedings pending interlocutory appeal. On December 16, 2011, the SEC filed its original motion before this Court (document # 41 on the docket of this case) seeking a stay pending appeal. The SEC expressly made the motion returnable December 30, 2011. Id. Nonetheless, in the interest of expediting consideration of the motion, the Court, *sua sponte*, reached out to the parties, asked Citigroup to put in its papers before December 30th, and promised to then consider the matter on a more expedited basis than that originally proposed by the SEC. Citigroup filed its responsive papers on December 20, 2011. The Court then spent the intervening Christmas holiday considering the parties' positions and drafting an opinion, so that

it could file it on December 27, *i.e.*, the first business day after the Christmas holiday (well before the December 30th date on which the SEC had originally made the motion returnable and well before any further proceedings in the case).

On December 27th, at around noon, without any notice to this Court and without inquiring as to when the Court was going to issue its decision, the SEC filed an "emergency motion" in the Court of Appeals, seeking a stay pending appeal or, in the alternative, a temporary stay, and representing that the motion was unopposed by Citigroup.[1]  Motion to Stay, SEC v. Citigroup Global Mkts. Inc., No. 11-5227 (2d Cir. Dec. 27, 2011), Dkt. 20 ("SEC Motion").  The SEC also represented to the Court of Appeals that this Court had not yet acted on the SEC's motion to stay, see id. at 6, without mentioning any of the foregoing history from which the SEC was on notice that this Court's decision was imminent.

As the reason for proceeding on an emergency basis, the SEC stated that Citigroup had only until January 3, 2012 to answer or move to dismiss the underlying Complaint, and that "[i]f Citigroup files its answer, denying some or all of the allegations in the complaint, or if Citigroup moves to dismiss, challenging the complaint's legal sufficiency, it will disrupt a central negotiated

---

[1] Of course, the motion was unopposed because both parties have filed appeals from this Court's rejection of the parties' proposed Consent Judgment.  The adversary system does not operate in the normal way in such circumstances because there is no one before the Court of Appeals responding on behalf of this Court to the parties' arguments.

provision of the consent judgment pursuant to which Citigroup agreed not to deny the allegations in the complaint." SEC Motion at 8. This statement would seem to have been materially misleading in at least four respects. First, as a legal matter, a motion to dismiss (unlike an answer) does not constitute either an admission or denial; it is a legal challenge to the face of the complaint. Second, as a factual matter, the SEC was either already aware that Citigroup was planning to move to dismiss rather than to answer (see below) or could have readily found this out by calling counsel for Citigroup.[2] Third, nowhere in the parties' underlying papers to this Court seeking a stay had the parties argued that January 3rd was a critical or even material date. Fourth, in light of the fact that this Court's position was not before the Court of Appeals, the SEC was under a professional obligation to bring to the attention of the Court of Appeals the fact that the Supreme Court of the United States had previously ruled that the denial of the fruits of a settlement does not, without more, provide a basis for interlocutory appeal, let alone a stay. Digital Equip. Corp. V. Desktop Direct, Inc., 511 U.S. 863, 884 (1994).

There appears to have been a similar misleading of this Court. Specifically, at around 3:30 pm on December 27th, the parties jointly called this Court to present Citigroup's application for additional

---

[2] The SEC had to contact Citigroup in order to represent that the motion was unopposed.

pages for its motion to dismiss to be filed on January 3rd (an application this Court granted). At no point in that conversation did the parties reveal that the SEC had moved a few hours earlier in the Court of Appeals for an emergency stay or that the "emergency" purportedly related to the January 3rd filing date.

At approximately 4:20 pm, the Court of Appeals granted the SEC's request for a temporary stay until January 17, 2012, when a motions panel of the Court of Appeals will consider the motion for a stay. Virtually simultaneously, at 4:21 pm, this Court, totally unaware of any of the filings in the Court of Appeals, issued its Memorandum Order denying the stay. The Court of Appeals therefore rendered its decision without having received this Court's Memorandum Order and having before it only the materially misleading papers of the SEC. Likewise, both parties, by failing to notify this Court of the SEC's emergency motion in the Court of Appeals even while holding a telephone conference with this Court on the afternoon of December 27 to discuss Citigroup's proposed request for an extension of page limits on the January 3rd motion to dismiss, thereby held back from this Court material information it needed to do its job.

Accordingly, the Court is filing this Supplemental Order, both to make the Court of Appeals aware of this background and to attempt to prevent similar recurrences. Specifically, the parties are hereby ordered to promptly notify this Court of any filings in the Court of

Appeals by faxing copies of any such filings to this Court immediately after they are filed in the Court of Appeals. In addition, this Court will send a copy of this Supplemental Order, as well as the Memorandum Order that it supplements, to the Court of Appeals with a request that they be furnished to the motions panel hearing the stay motion on January 17, 2012.

    SO ORDERED.

Dated: New York, NY
December 29, 2011

                                    JED S. RAKOFF, U.S.D.J.