

**U.S. Securities and Exchange Commission**

# SEC Enforcement Director's Statement on Citigroup Case

**FOR IMMEDIATE RELEASE**
**2011-265**

*Washington, D.C., Dec. 15, 2011* — The Securities and Exchange Commission's Director of the Division of Enforcement, Robert Khuzami, today made the following statement on the Citigroup case:

> Last month, a federal district court declined to approve a consent judgment because, in its view, the underlying allegations were 'unsupported by any proven or acknowledged facts.' As a result, the court rejected a $285 million settlement between the SEC and Citigroup that reasonably reflected the relief the SEC would likely have obtained if it prevailed at trial.
>
> We believe the district court committed legal error by announcing a new and unprecedented standard that inadvertently harms investors by depriving them of substantial, certain and immediate benefits. For this reason, today we filed papers seeking review of the decision in the U.S. Court of Appeals for the Second Circuit.
>
> We believe the court was incorrect in requiring an admission of facts — or a trial — as a condition of approving a proposed consent judgment, particularly where the agency provided the court with information laying out the reasoned basis for its conclusions. Indeed, in the case against Citigroup, the SEC filed suit after a thorough investigation, the findings of which were described in extensive detail in a 21-page complaint.
>
> The court's new standard is at odds with decades of court decisions that have upheld similar settlements by federal and state agencies across the country. In fact, courts have routinely approved settlements in which a defendant does not admit or even expressly denies liability, exactly because of the benefits that settlements provide.
>
> In cases such as this, a settlement puts money back in the pockets of harmed investors without years of courtroom delay and without the twin risks of losing at trial or winning but recovering less than the settlement amount - risks that always exist no matter how strong the evidence is in a particular case. Based on a careful balancing of these risks and benefits, settling on favorable terms even without an admission serves investors, including investors victimized by other frauds. That is due to the fact that other frauds might never be investigated or be investigated more slowly because limited agency resources are tied up in litigating a case that could have been resolved.
>
> In contrast, the new standard adopted by the court could in practical terms press the SEC to trial in many more instances, likely resulting in fewer cases overall and less money being returned to investors.
>
> To be clear, we are fully prepared to refuse to settle and proceed to trial when proposed settlements fail to achieve the right outcome for investors. For example, in the cases that the SEC identifies as core financial crisis cases, we filed unsettled actions against 40 of the 55 (70 percent) of the individuals charged — including the action filed against

Brian Stoker in this matter. Similarly, we filed unsettled actions against 11 of the 26 (42 percent) of the entities we charged — eight of which we did not litigate against because they were bankrupt, defunct or no longer operating.

In deciding whether to settle, the SEC considers, among other things, limitations under the securities laws. In a case like Citigroup, the applicable statute does not entitle the SEC to recover the amount lost by investors. Instead, in addition to recovering a defendant's ill-gotten gains, the statute allows a monetary penalty only up to the amount of a defendant's gain.

The $285 million obtained from Citigroup under the proposed settlement, while less than investor losses, represents most of the total monetary recovery that the SEC itself could have sought at trial. An SEC settlement does not limit the ability of injured investors to pursue claims for additional relief.

Moreover, while the court alluded to Citigroup's size, the law does not permit the Commission to seek penalties based upon a defendant's wealth.

# # #

➤ Notice of Appeal

*http://www.sec.gov/news/press/2011/2011-265.htm*

Home | Previous Page                                    Modified: 12/15/2011

Cited in US Sec v Citigroup Global Mkts 11Civ7387
Archived on 1/3/12
This document is protected by copyright.
Further reproduction is prohibited without permission.