UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION       :
                                         :        11-cv-7387 (JSR)
                Plaintiff,               :
                                         :          OPINION
        -v-                              :
                                         :
CITIGROUP GLOBAL MARKETS INC.            :
                                         :
                Defendant.               :
------------------------------------------x

                                              8/5/14

JED S. RAKOFF, U.S.D.J.

        This case is back before the Court on remand from the Court of

Appeals. They who must be obeyed have spoken,[1] and this Court's duty

is to faithfully fulfill their mandate.[2]

        As the Court of Appeals recognized, this Court declined to

approve the proposed Consent Judgment in this case because the

parties had failed to provide the Court with sufficient evidence to

enable it to assess whether the agreement was fair, adequate,

reasonable, and in the public interest.[3] The Court of Appeals held

that this standard was mistaken and/or misapplied because:

    - proof of "adequacy" is not required;[4]

_____

[1] *SEC v. Citigroup Global Mkts., Inc.*, 752 F.3d 285 (2d Cir. 2014).

[2] Mandate dated July 28, 2014, ECF No. 58.

[3] *Citigroup*, 752 F.3d at 289; *SEC v. Citigroup Global Mkts.*, 827 F.
Supp. 2d 328, 332 (S.D.N.Y. 2011), *rev'd*, 752 F.3d 285 (2d Cir.
2014).

[4] *Citigroup*, 752 F.3d at 294. This would be true, the Court of
Appeals stated, even in those cases where "there is no private right
of action, [because] then the S.E.C. is the entity charged with
representing the victims, and is politically liable if it fails to
adequately perform its duties." *Id*. It is difficult to know what the

                                    1

- proof of "fairness" and "reasonableness" requires little more than a showing that the consent decree is clear and lawful on its face, resolves the parties' claims, and is not "tainted by improper collusion or corruption";[5]

- "determining whether the proposed S.E.C. consent decree serves the public interest . . . rests squarely with the S.E.C.";[6] and

- more generally, the "primary focus of the [district court's] inquiry . . . should be on ensuring the consent decree is procedurally proper, . . . taking care not to infringe on the S.E.C.'s discretionary authority to settle on a particular set of terms."[7]

Upon review of the underlying record in this case, the Court cannot say that the proposed Consent Judgment is procedurally improper or in any material respect fails to comport with the very modest standard imposed by the Court of Appeals. Accordingly, in an

---

Court of Appeals meant by "politically liable" since the SEC, by its charter, is designed to be free of political interference, see 17 C.F.R. § 140.10, and routinely asserts its independence from political pressures, see Mary Jo White, *The Importance of Independence*, SEC, http://www.sec.gov/News/Speech/Detail/Speech/1370539864016#.U9_ekGNW EsI (last visited Aug. 4, 2014).

[5] *Citigroup*, 752 F.3d at 295. The Court of Appeals added: "In many cases, setting out the colorable claims, supported by factual averments by the S.E.C., neither admitted nor denied by the wrongdoer, will suffice to allow the district court to conduct its review. Other cases may require more of a showing, for example, if the district court's initial review of the record raises a suspicion that the consent decree was entered into as a result of improper collusion between the S.E.C. and the settling party." *Id.* at 295-96. The Court of Appeals gave no indication of how a facial review of such a limited record, joined in by both parties, could raise a suspicion of collusion, nor did it offer any other example of where a fuller inquiry would be appropriate.

[6] *Id.* at 296.

[7] *Id.* at 295.

Order that will be filed separately today, the Consent Judgment will be approved.

Nonetheless, this Court fears that, as a result of the Court of Appeal's decision, the settlements reached by governmental regulatory bodies and enforced by the judiciary's contempt powers will in practice be subject to no meaningful oversight whatsoever.[8] But it would be a dereliction of duty for this Court to seek to evade the dictates of the Court of Appeals. That Court has now fixed the menu, leaving this Court with nothing but sour grapes.

Dated: New York, NY  
       August 5, 2014

JED S. RAKOFF, U.S.D.J.

---

[8] Indeed, the Court of Appeals invites the SEC to avoid even the extremely modest review it leaves to the district court by proceeding on a solely administrative basis. ("Finally, we note that to the extent that the S.E.C. does not wish to engage with the courts, it is free to eschew the involvement of the courts and employ its own arsenal of remedies instead." *Id*. at 297). One might wonder: from where does the constitutional warrant for such unchecked and unbalanced administrative power derive?