*Please return copy*
*Note: Art hearing fund.*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> CITIGROUP GLOBAL MARKETS INC., <br><br> Defendant. | 11 CV 7387 (JSR) <br><br> 11-CV-_____ (  ) <br> ECF CASE |

## ~~PROPOSED~~ FINAL JUDGMENT AS TO DEFENDANT CITIGROUP GLOBAL MARKETS INC.

8/5/14

The Securities and Exchange Commission having filed a Complaint and Defendant Citigroup Global Markets Inc. ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment as to Defendant Citigroup Global Markets Inc. ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 17(a)(2) and (3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)(2)

and (3)] in the offer or sale of any security or security-based swap agreement, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: (a) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (b) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $160,000,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $30,000,000, and a civil penalty in the amount of $95,000,000 pursuant to Section 20(d)(2) of the Securities Act [15 U.S.C. §77t(d)(2)]. Defendant shall satisfy this obligation by paying $285,000,000 within 14 days after entry of this Final Judgment to the Clerk of this Court, together with a cover letter identifying Citigroup Global Markets Inc. as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to six percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a

Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall comply with the following undertakings, which shall expire three (3) years from the entry of this Final Judgment:

A. Product Review and Approval: The role of the relevant Capital Markets Approval Committee or Commitment Committee (the "Responsible Committees") (or any other committee performing the function currently performed by either of the Responsible Committees) will be expanded to include all initial offerings of residential mortgage-related securities (other than agency RMBS), including collateralized debt obligations referencing or including such securities (collectively "mortgage securities") in which Defendant is the lead underwriter, placement agent, or plays a similar role ("mortgage securities offerings"). The Responsible Committees shall ensure that processes are in place so that written marketing materials for such mortgage securities do not include any material misstatement or omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

B. Role of Internal Legal and Compliance: For all mortgage securities offerings, Representatives of Defendant's Legal Department or Compliance Department will

4

review (i) all written marketing materials used by Defendant in connection with mortgage securities offerings (i.e., term sheets, investor presentations or "pitch books", and other non-prospectus marketing materials), (ii) all offering circulars/prospectuses used by Defendant in connection with mortgage securities offerings, where Defendant does not retain outside counsel to review such materials; and (iii) any written submissions to either Defendant's Capital Markets Approval Committee or Commitment Committee (the "Responsible Committees") (or any other committee performing the function currently performed by either of the Responsible Committees) regarding any such mortgage securities offering. Defendant will establish a procedure for recording the occurrence of any such review, including the name of the Legal Department employee or Compliance Department employee who conducted the review, the date of the review and the particular materials that were reviewed.

C. Role of Outside Counsel: For all mortgage securities offerings where Defendant retains outside counsel to advise on the offering, such outside counsel will be asked to review all written marketing materials and offering circulars/prospectuses used in connection with the offering. To assist in this review, such outside counsel will be provided with documents sufficient to reflect all material terms of the transaction.

D. Internal Audit: Defendant will conduct an internal audit review, on at least an annual basis, to determine that items (A), (B), and (C) are being complied with. Any deficiencies noted by internal audit shall be promptly addressed by Defendant.

E. Certification of Compliance by Defendant: The General Counsel or the Global Head of Compliance of Defendant shall certify annually (one year, two years, and three

5

years, respectively, after the date of entry of this Final Judgment), in writing, compliance in all material respects with the undertakings set forth above. The certification shall identify the undertakings, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence. The certification and any such additional materials shall be submitted to Kenneth R. Lench, Chief of the Structured and New Products Unit, with a copy to the Office of Chief Counsel of the Enforcement Division.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Citigroup Global Markets Inc. is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: 8/5/14 ~~2011~~

_____
UNITED STATES DISTRICT JUDGE